UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON SHAW, III., | No. 2:14-cv-1072-EFB P |
| Petitioner, | |
| v. | ORDER |
| BRIAN DUFFY, Warden, | |
| Respondent. | |

Petitioner, a state prisoner without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that the petition is second or successive and must therefore be dismissed.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1   the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Without an order from

2   the appellate court, the district court is without jurisdiction to consider a second or successive

3   petition.  *See Burton*, 549 U.S. 147.

4       Petitioner is currently serving a prison term of 98 years to life after a San Joaquin County

5   jury convicted him in December 2002 of two counts of attempted murder and three counts of

6   assault with a semiautomatic firearm, with enhancements for discharging a firearm from a

7   vehicle.  ECF No. 1 at 1; *id.* at 10 (referencing San Joaquin Superior Court Case No.

8   SF082211A).  In the present action, petitioner challenges the resulting judgment of conviction.

9   *See generally id.*

10      Court records reveal that petitioner previously challenged this judgment of conviction in

11  an earlier action.[2]  In *Shaw v. Kirkland*, No. 2:06-cv-466, the court considered petitioner's

12  challenge to his judgment of conviction arising from the San Joaquin County Superior Court, case

13  number SF082211A, for two counts of attempted murder, three counts of assault with a

14  semiautomatic firearm, and three counts of discharging a firearm from a vehicle, and denied the

15  petition on its merits.  *See Shaw*, ECF No. 37 (recommending that petition for writ of habeas

16  corpus be denied); ECF No. 40 (order adopting recommendation and denying habeas relief); ECF

17  No. 48 (Ninth Circuit Court of Appeals Memorandum decision, affirming district court's denial

18  of petition).

19      Because petitioner challenges the same judgment now that he previously challenged and

20  which was adjudicated on the merits, the petition now pending is second or successive.  Petitioner

21  offers no evidence that the appellate court has authorized this court to consider a second or

22  successive petition.  Petitioner has not demonstrated that the appellate court has authorized this

23  court to consider a second or successive petition and therefore this action must be dismissed for

24  lack of jurisdiction.  *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th

25  Cir. 2001) (per curiam).

26  /////

---

[2] Petitioner actually references this earlier filed action in the instant petition.  *See* ECF No. 1 at 11.

Accordingly, it is hereby ORDERED that this action is dismissed for lack of jurisdiction and a certificate of appealability shall not issue.

DATED: July 24, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE